﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 190719-40953
DATE: December 31, 2020

REMANDED

Entitlement to service connection for headaches is remanded. 

Entitlement to service connection for left foot arthritis, claimed as left foot pain and numbness, is remanded. 

Entitlement to service connection for right wrist osteoarthritis, claimed as right wrist pain and weakness, is remanded. 

Entitlement to service connection for an upper respiratory disability, to include sinusitis, rhinitis, and/or allergies, claimed as sinusitis, is remanded. 

REASONS FOR REMAND

The Veteran served on active duty from July 1988 to August 2008. 

In the July 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

The Veteran filed a claim seeking service connection for sinusitis. However, review of the record indicates that the Veteran has been variously diagnosed with sinusitis, rhinitis, and allergies. Pursuant to the Court of Appeals for Veterans Claims holding in Clemons, the Board has recharacterized the Veteran’s claim for sinusitis as a claim for service connection for a respiratory disability. See Clemons v. Shinseki, 23 Vet. App. 1 (2009). As such, the Board has restated the issue as it appears above.

1. Entitlement to service connection for headaches is remanded. 

The issue of entitlement to service connection for headaches must be remanded to correct a duty to assist error that occurred prior to the March 2019 rating decision on appeal. The AOJ obtained November 2018 and January 2019 VA medical opinions. However, these medical opinions do not provide adequate rationale regarding whether the Veteran’s headache disability had its onset in service or is otherwise related to service. 

Upon examination in November 2018, the Veteran reported headaches that began during service and persisted to the present. He stated that he self-treated with prescription motrin and over-the-counter medications. The examiner noted a headache diagnosis, but opined that the Veteran’s headaches were likely multifactorial and that there was no evidence to support a nexus between the Veteran’s headaches and his Gulf War service. In a January 2019 VA opinion, the same examiner conceded that, based upon review of the Veteran’s service treatment records, the Veteran had subjective complaints of headaches in service. However, he opined that the medical evidence did not support the Veteran’s contention that a headache disability began during service and persisted to the present as there was no specific evidence of chronic and ongoing treatment while on active duty or since the Veteran’s retirement in 2008. 

The Board notes that the lack of post-service treatment records, alone, cannot form the basis of a medical opinion. Buchanan v. Nicholson, 451 F.3d 1331, 1336 n. 1 (Fed. Cir. 2006) (noting that VA’s examiner’s opinion, which relied on the absence of contemporaneous medical evidence, “failed to consider whether the lay statements presented sufficient evidence of the etiology of [the veteran’s] disability such that his claim for service connection could be proven without contemporaneous medical evidence”). In addition, given the Veteran’s competent explanation that he self-treated with over-the-counter medications, the Board finds that a remand for a new opinion on the nature and etiology of his headache disability is necessary. See Barr v. Nicholson, 21 Vet. App. 30 (2007) (holding that once VA undertakes the effort to provide an examination or obtain medical opinion, it must ensure that one is provided or obtained that is adequate for the determination being made).

2. Entitlement to service connection for left foot arthritis, claimed as left foot pain and numbness, is remanded. 

The issue of entitlement to service connection for left foot arthritis is remanded to correct a duty to assist error that occurred prior to the March 2019 rating decision on appeal. The AOJ obtained November 2018 and January 2019 VA medical opinions. However, these medical opinions do not provide adequate rationale regarding whether the Veteran’s left foot disability had its onset in service or is otherwise related to service. 

Upon examination in November 2018, the Veteran was diagnosed with degenerative arthritis of the left foot. He reported that, while in service, he dropped a refrigerant bottle on his foot and was treated with prescription motrin. The Veteran stated that, since retirement, he had not sought specific follow-up treatment but self-medicated with over-the-counter medications. The examiner opined that the Veteran’s left foot condition was not due to his previous Gulf War service. In the January 2019 VA medical opinion, the same examiner stated that, based on a review of the service treatment records, it appeared that the Veteran was seen once for a left foot injury in service in 1992 and was given a differential diagnosis. The examiner stated that further evaluation was not noted in the Veteran’s service treatment records and that his retirement physical was negative for complaints regarding his left foot. The examiner opined that the Veteran’s in-service left foot injury was a self-limiting injury during that time in 1992, as there was no evidence of evaluation of or treatment for this condition in the Veteran’s post-service treatment records. He opined that it was more likely than not that the Veteran’s current left foot arthritis was related to aging, life events, and occupation following active duty service. 

Upon review of the Veteran’s service treatment records, the Board finds remand for a new examination is warranted as the January 2019 VA opinion is based upon an inaccurate factual premise. See Reonal v. Brown, 5 Vet. App. 458, 461 (1993) (A medical opinion is only as good and credible as the history on which it was based, and if based on an inaccurate factual premise it has no probative value.); see also Monzingo v. Shinseki, 26 Vet. App. 97, 107 (2012) (“If the opinion is based on an inaccurate factual premise, then it is correct to discount it entirely”) (citing Reonal)). Indeed, the Veteran’s service treatment records contain several complaints of left foot pain from March 1992 to June 1995 rather than one complaint in 1992, as indicated by the VA examiner. See March 1992 Health Record (reporting injury from dropping refrigerant bottle); July 1994 Health Record (reporting pain for four days after hitting foot on pool bottom when diving); June 1995 Health Record (reporting left foot pain following running.) 

The Board also, again, notes that the lack of post-service treatment records, alone, cannot form the basis of a medical opinion. Buchanan, 451 F.3d at1336 n. 1. In addition, given the Veteran’s competent explanation that he self-treated with over-the-counter medications, the Board finds that a remand for a new opinion on the nature and etiology of his left foot disability is necessary. Barr, 21 Vet. App. at 30.

3. Entitlement to service connection for right wrist osteoarthritis, claimed as right wrist pain and weakness, is remanded. 

The issue of entitlement to service connection for right wrist arthritis is remanded to correct a duty to assist error that occurred prior to the March 2019 rating decision on appeal. The AOJ obtained November 2018 and January 2019 VA medical opinions. However, these medical opinions do not provide adequate rationale regarding whether the Veteran’s right wrist disability had its onset in service or is otherwise related to service. 

Upon examination in November 2018, the Veteran was diagnosed with right wrist osteoarthritis. He reported that in 2004, while in service, he had a “foosh” injury to his right wrist while playing volleyball and was diagnosed with a wrist strain. The Veteran stated that, since retirement, he had not sought specific follow-up treatment but self-medicated with over-the-counter medications. The examiner opined that the Veteran’s right wrist condition was not due to his previous Gulf War service. In the January 2019 VA medical opinion, the same examiner stated that service treatment records demonstrated that the Veteran was evaluated for his right wrist during active service but that there was no evidence of chronic or ongoing treatment during service, and his retirement physical was silent for complaints related to the wrist. The examiner reported that subsequent medical documentation indicated that the Veteran was treated for a right thumb injury following service in August of 2013. The examiner stated that when the Veteran was evaluated by VA in November 2018, he was noted to have left wrist osteoarthritis located at the CMC joint at the base of the thumb. The examiner opined that “the medical evidence does not support the Veteran’s contention.”

The Board finds that although the Veteran has been provided with VA examinations, internal inconsistencies within the January 2019 examination report render it inadequate to fairly adjudicate this claim. Indeed, it appears that the examiner mistakenly identified the Veteran’s left wrist rather than his right wrist at times when he was providing his opinion and rationale. The Board also, again, notes that the lack of post-service treatment records, alone, cannot form the basis of a medical opinion. Buchanan, 451 F.3d at1336 n. 1. In addition, given the Veteran’s competent explanation that he self-treated with over-the-counter medications, the Board finds that a remand for a new opinion on the nature and etiology of his right wrist disability is necessary. Barr, 21 Vet. App. at 30.

4. Entitlement to service connection for an upper respiratory disability, to include sinusitis, rhinitis, and/or allergies, claimed as sinusitis, is remanded.

The issue of entitlement to service connection for an upper respiratory disability, to include sinusitis, rhinitis, and/or allergies, is remanded to correct a duty to assist error that occurred prior to the March 2019 rating decision on appeal. The AOJ obtained November 2018 and January 2019 VA medical opinions. However, these medical opinions do not provide adequate rationale regarding whether the Veteran’s right wrist disability had its onset in service or is otherwise related to service. The Board notes that the Veteran was variously diagnosed with allergic diatheses, rhinitis, seasonal rhinitis, and seasonal allergies in service. See July 1995 Sick Call Record, October 1999 Medical Record; January 2001 Reports of Medical History. The Board also acknowledges that the Veteran has been separately service-connected for a left mucous retention cyst.

Upon VA examination in October 2018, the Veteran was diagnosed with left maxillary sinusitis with mucous retention cyst. He indicated that he self-treated his nasal discharge and nasal congestion with over-the-counter medication. Upon VA examination in November 2018, the Veteran was diagnosed with a mucous retention cyst and episodic sinusitis. He reported that symptoms began during the 1990s and included nasal congestion. The November 2018 VA examiner opined that the Veteran’s sinusitis was likely multifactorial and unrelated to his service in Southwest Asia. In a January 2019 VA medical opinion, the same examiner stated that, based upon review of the Veteran’s service treatment records, the Veteran’s complaints of sinusitis were self-reported and that there was no evidence of chronic and ongoing treatment for sinusitis. Further, the examiner stated that the Veteran’s post-service treatment records did not demonstrate a diagnosis of sinusitis.

While the Veteran was diagnosed with sinusitis during both the October 2018 and November 2018 VA examinations, in his January 2019 opinion, the VA examiner stated that the Veteran did not have post-service diagnoses for sinusitis. Additionally, the examiner failed to acknowledge that the Veteran’s post-service VA treatment records had various diagnoses of allergies and allergic rhinitis. See generally October 2013 VA Primary Care Physician Note; May 2015 Problem List.

The Board also, again, notes that the lack of post-service treatment records, alone, cannot form the basis of a medical opinion. Buchanan, 451 F.3d at1336 n. 1. In addition, given the Veteran’s competent explanation that he self-treated with over-the-counter medications, the Board finds that a remand for a new opinion on the nature and etiology of his upper respiratory disability is necessary. Barr, 21 Vet. App. at 30.

The matters are REMANDED for the following action:

1. Obtain an addendum opinion from an appropriate clinician addressing the etiology of the Veteran’s claimed headache disability. 

After review of the evidence of record, the clinician is asked to respond to the following:

Is it at least as likely as not (50 percent or greater probability) that the Veteran’s claimed headache disability had onset in, or is otherwise related to his active duty service? 

The clinician should consider the Veteran’s in-service complaints of headaches, as well as his competent lay statements that headaches have persisted since his release from active duty and have been treated with over-the-counter medication.

If in the clinician’s opinion the above questions cannot be answered without an in-person or virtual interview or examination, such should be scheduled. 

2. Obtain an addendum opinion from an appropriate clinician addressing the etiology of the Veteran’s claimed left foot disability. 

After review of the evidence of record, the clinician is asked to respond to the following:

Is it at least as likely as not (50 percent or greater probability) that the Veteran’s claimed left foot disability had onset in, or is otherwise related to his active duty service, to include complaints of and treatment for left foot pain in March 1992, July 1994, and June 1995? 

The clinician should consider the Veteran’s in-service complaints of left foot pain, as well as his competent lay statements that left foot pain has persisted since his release from active duty and has been treated with over-the-counter medication.

If in the clinician’s opinion the above questions cannot be answered without an in-person or virtual interview or examination, such should be scheduled. 

3. Obtain an addendum opinion from an appropriate clinician addressing the etiology of the Veteran’s claimed right wrist disability. 

After review of the evidence of record, the clinician is asked to respond to the following:

Is it at least as likely as not (50 percent or greater probability) that the Veteran’s claimed right wrist disability had onset in, or is otherwise related to his active duty service, to include the July 2004 “foosh” injury? 

The clinician should consider the Veteran’s in-service complaints of right wrist pain, as well as his competent lay statements that right wrist pain has persisted since his release from active duty and has been treated with over-the-counter medication.

If in the clinician’s opinion the above questions cannot be answered without an in-person or virtual interview or examination, such should be scheduled. 

4. Obtain an addendum opinion from an appropriate clinician addressing the etiology of the Veteran’s claimed upper respiratory disability, to include sinusitis, allergic rhinitis, and allergies. 

After review of the evidence of record, the clinician is asked to respond to the following:

Is it at least as likely as not (50 percent or greater probability) that the Veteran’s claimed upper respiratory disability had onset in, or is otherwise related to his active duty service, to include complaints of sinusitis, allergic rhinitis, and/or allergies? 

The clinician should consider the Veteran’s in-service complaints of an upper respiratory disability, as well as his competent lay statements that this disability has persisted since his release from active duty and has been treated with over-the-counter medication.

In providing a response, the examiner should specify whether any current upper respiratory disability is more consistent with seasonal and other acute allergic manifestations subsiding on the absence of or removal of the allergen healing without residuals.

If in the clinician’s opinion the above questions cannot be answered without an in-person or virtual interview or examination, such should be scheduled. 

 

 

James Springer

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board L. Bristow Williams, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.